UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

JAMES A. GREENE,

                     Plaintiff,

            -v-

NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE and CAPITAL ONE, N.A.,

                 Defendants.

-----------------------------------------------------------------------X

                              22-CV-5261 (JMF)

                   MEMORANDUM OPINION
                       AND ORDER

JESSE M. FURMAN, United States District Judge:

       Plaintiff James A. Greene, proceeding without counsel, brings a litany of claims against the New York State Department of Taxation and Finance (the "NYSDTF") and Capital One, N.A. ("Capital One"). Greene, a New York resident, "did not file an income tax return" for 2014. ECF No. 20 ("Compl."), ¶¶ 9, 12; *see also* ECF No. 35 ("Pl.'s Opp'n"), ¶¶ 2-6. After unsuccessfully attempting to recover unpaid state taxes from Greene for that year, *see* Compl. ¶¶ 12-13, the NYSDTF issued a Tax Compliance Levy (the "Levy") to Capital One, where Greene has an account, in early April 2022, *see id.* ¶ 14; ECF No. 31-2 (the Levy). Capital One complied with the Levy and garnished Greene's bank account. *See* Compl. ¶ 15; ECF No. 31-3. Thereafter, Greene brought this suit, seeking damages, injunctive relief, and declaratory relief, pursuant to the Federal Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*, as well as 42 U.S.C. §§ 1983, 1985, and 1986. Compl. ¶¶ 8, 17, 19-43. Defendants now move, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss Greene's claims. *See* ECF Nos. 22, 29.

The NYSDTF's motion must be and is granted because Greene's claims against it — a state agency — are barred by the Eleventh Amendment.[1]  It is well established that "[t]he 11th Amendment bars suit in federal court against a state or its agencies, unless the state has waived immunity to suit or Congress has validly abrogated its immunity."  *Keitt v. New York City*, 882 F. Supp. 2d 412, 447 (S.D.N.Y. 2011) (citing *Huang v. Johnson*, 251 F.3d 65, 69-70 (2d Cir. 2001)). The NYSDTF did not waive its immunity here.  *See* ECF No. 25-1 (withholding the NYSDTF's consent to removal and noting that it has not been properly served); *see also Kozaczek v. N.Y. Higher Educ. Servs. Corp.*, 503 F. App'x 60, 62 (2d Cir. 2012) (summary order) (finding no waiver when the defendant state agency did not consent to removal and was not properly served).  Nor, as relevant here, has Congress abrogated New York State's immunity.  *See Keitt*, 882 F. Supp. 2d at 447 (concluding that the "1983, 1985[,] and 1986 claims against the State of New York and its agencies, including any claims for damages, are . . . barred by the 11th Amendment"); *see also Kozaczek*, 503 F. App'x at 62 (affirming dismissal of FDCPA claims against a New York state agency on the basis of Eleventh Amendment immunity).  Accordingly, Greene's claims against the NYSDTF must be and are dismissed.

Capital One's motion, brought pursuant to Rule 12(b)(6), must also be granted.  A claim will survive a Rule 12(b)(6) motion only if the plaintiff alleges facts sufficient "to state a claim to relief

---

[1]	The Second Circuit has, on occasion, described the Eleventh Amendment as jurisdictional. *See, e.g.*, *Close v. New York*, 125 F.3d 31, 38 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction . . . ."); *Atl. Healthcare Benefits Tr. v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction.").  More recently, however, the court has observed that "[w]hether Eleventh Amendment immunity 'constitutes a true issue of subject matter jurisdiction or is more appropriately viewed as an affirmative defense' has not yet been decided by the Supreme Court or this Court."  *Ripa v. Stony Brook Univ.*, 808 F. App'x 50, 50 n.1 (2d Cir. 2020) (summary order) (quoting *Carver v. Nassau Cnty. Interim Fin. Auth.*, 730 F.3d 150, 156 (2d Cir. 2013)).  Like the Second Circuit in *Ripa*, the Court "need not pursue the matter here because the answer does not affect" the outcome of the NYSDTF's motion.  *Id.*

that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Measured against that standard, each of Greene's claims against Capital One falls woefully short:

- Greene's Section 1983 claims fail because Capital One did not act under color of state law when it complied with the Levy.  *See, e.g.*, *Sykes v. Bank of Am.*, 723 F.3d 399, 406-07 (2d Cir. 2013) (rejecting Section 1983 claims against a private bank on the ground that it did not act under the color of state law when it complied with a restraining notice issued by a government agency); *see also McCarthy v. Wachovia Bank, N.A.*, 759 F. Supp. 2d 265, 276-77 (E.D.N.Y. 2011) (similar).

- Greene's Section 1985 and 1986 claims fail because he does not allege any non-conclusory facts "supporting a meeting of the minds, such that [the] defendants entered into an agreement . . . to achieve [an] unlawful end." *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003); *see, e.g.*, *Graham v. Henderson*, 89 F.3d 75, 82 (2d Cir. 1996) ("[A] § 1986 claim is contingent on a valid § 1985 claim.").

- Greene's FDCPA claims fail because Greene's unpaid income taxes do not constitute a "debt" within the meaning of the statute.  *See* 15 U.S.C. § 1692a(5) (defining "debt" under the FDCPA as an obligation "arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes . . . ."); *Beggs v. Rossi*, 145 F.3d 511, 512 (2d Cir. 1998) (per curiam) (holding that the unpaid taxes at issue did not constitute a "debt" under the FDCPA); *see also, e.g.*, *Beal v. Himmel & Bernstein, LLP*, 615 F. Supp. 2d 214, 216 (S.D.N.Y. 2009) ("[T]he first question in any claim brought under the FDCPA is whether the allegedly violative conduct was used in an attempt to collect a 'debt' within the meaning of the FDCPA.").

In short, all of Greene's claims against Capital One fail as a matter of law.  Accordingly, Capital One's motion to dismiss must be and is granted.

For the foregoing reasons, the Court concludes that, even giving Greene the "special solicitude" to which he is entitled as a *pro se* litigant, *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010), Defendants' motions must be granted.  Additionally, the Court declines to *sua sponte* grant Greene leave to amend.  To be sure, leave to amend a pleading should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), and courts should generally grant *pro se* plaintiffs

leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam).  But it is "within the sound discretion of the district court to grant or deny leave to amend," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007), and there are several reasons, exercising that discretion, to deny leave here.  First, a district court may deny leave to amend when, as here, amendment would be futile because the problems with a plaintiff's claims are "substantive" and "better pleading will not cure" them.  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  Second, Greene was previously granted leave to amend — and did amend — to cure the deficiencies identified in Defendants' motions to dismiss and was explicitly cautioned that he "w[ould] not be given any further opportunity to amend the complaint to address issues raised by the motions to dismiss."  ECF No. 18.  Finally, Greene neither seeks leave to amend again nor suggests that he possesses any additional facts that could cure the defects in his dismissed claims.  *See, e.g.*, *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019).

The Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith and, thus, *in forma pauperis* status is denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate ECF Nos. 13, 22, and 29, to close the case, and to enter judgment consistent with this Memorandum Opinion and Order.  As Greene previously consented to receive electronic notice via the ECF system, *see* ECF No. 21, there is no need to mail him a copy of this Memorandum Opinion and Order.

SO ORDERED.

Dated: December 8, 2022
       New York, New York

_____
JESSE M. FURMAN
United States District Judge